UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TERESA MAGUIRE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-19-CA-479-JKP (HJB) |
| RICHARD GOMEZ d/b/a North Oaks Ctr 2-Story and SAIVICTORY, LLC, | § § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Jason K. Pulliam, United States District Judge:**

This Report and Recommendation concerns the status of the above case, which has been referred to the undersigned for consideration of pretrial matters. (*See* Docket Entry 7.) For the reasons set out below, I recommend that Plaintiff's claims against Defendant Saivictory, LLC ("Saivictory") be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m) for failure of timely service.

**I.    Jurisdiction.**

Plaintiff's complaint alleges violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.* (Docket Entry 3.) This Court has jurisdiction to consider federal claims pursuant to 28 U.S.C. § 1331. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b).

**II.    Background.**

Plaintiff, represented by counsel, filed her complaint on May 7, 2019. (See Docket Entry 3.) The complaint named two Defendants: Richard Gomez, the owner of a shopping mall, and Saivictory, a limited liability corporation. (*Id.* at 2–3.) The complaint stated that

Saivictory could be served through its registered agent, Uma Prebhu, at an address in San Antonio, Texas. (*Id.* at 3.) Summons were issued as to both Defendants (Docket Entries 4 and 5); after seven months, however, no proof of service had been filed.

On December 3, 2019, the Court issued an order requiring Plaintiff to show cause why her case should not be dismissed for failure of timely service under Federal Rule of Civil Procedure 4(m). (Docket Entry 8.) Plaintiff responded by submitting proof of service on Defendant Gomez and requesting additional time to serve Defendant Saivictory. (*See* Docket Entries 9 and 10.) The Court granted the request and provided Plaintiff 30 additional days to serve Saivictory. (Docket Entry 12.)

Plaintiff submitted proof of service as to Defendant Saivictory on December 19, 2019. (Docket Entry 11.) The proof of service indicated that service had been made at the address that was listed for Saivictory in Plaintiff's complaint, but it did not indicate that service had been made on Saivictory's registered agent. Instead, the proof indicated that service had been made on "Saivictory, LLC c/o Robert Turner." (*Id.* at 2.) There was no information as to Turner's relationship with Saivictory.

The undersigned held an initial pretrial conference in this case on February 25, 2020. Plaintiff did not appear for the conference[1]; counsel for Defendant Gomez appeared, and he advised the Court that service on Saivictory appeared to be improper, as Plaintiff had provided no proof that Robert Turner was authorized to accept service on Saivictory's behalf. *See* FED.

---

[1] The undersigned issued an order requiring Plaintiff's counsel to show cause why he should not be sanctioned for his failure to appear. (*See* Docket Entry 21.) Plaintiff's counsel responded, and the undersigned declined to impose sanctions at that time. (*See* Docket Entries 24 and 25.)

R. CIV. P. 4(h).  Gomez filed a written service advisory to the same effect the next day. (Docket Entry 20.)

The Court ordered that Plaintiff respond to the service advisory by March 20, 2020. (Docket Entry 26.)  To date, no response has been filed.  Nor does it appear that Saivictory has been served: it has neither answered nor otherwise responded to the complaint, and Plaintiff has not sought entry of default.  *Cf.* FED. R. CIV. P. 55(a).

### III.     Analysis.

Federal Rule of Civil Procedure 4 requires that a defendant be served "within 90 days after the complaint is filed."   FED. R. CIV. P. 4(m).   The plaintiff is responsible for having the summons and complaint served upon each defendant within the time allowed.   FED. R. CIV. P. 4(c)(1).  When the defendant is a corporation, Rule 4 requires that service must be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."  FED. R. CIV. P. 4(h)(1)(B).

In this case, Plaintiff has made no showing that her complaint has been delivered to an appropriate agent for Saivictory.  The proof of service that Plaintiff submitted states that the complaint was delivered to Robert Turner, but there has been no showing that Turner is authorized to receive service for Saivictory.  Plaintiff was provided an opportunity to show that Turner was authorized to receive service (Docket Entry 26), but she has failed to respond. Saivictory has not answered the complaint, and Plaintiff has not sought the entry of default under Federal Rule of Civil Procedure 55.  In these circumstances, the Court must conclude that Defendant Saivictory has not been properly served.

Absent proper service, Plaintiff's claims against Saivictory should be dismissed. Rule 4(m) states that if service is not made within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In this case, the 90-day period has long since passed. The undersigned gave Plaintiff notice that timely service had not been made, and provided Plaintiff additional time for service, but Plaintiff failed to effect proper service within that time. Rule 4(m) allows the time for service to be extended for good cause, but Plaintiff has not made any showing of good cause for an additional extension of time. Indeed, Plaintiff did not respond when advised that service was improper—even though a response was ordered by the Court. Given these circumstances, and the fact that more than a year has passed since this case was filed, there is no good cause for any further extension. The claims against Defendant Saivictory should be dismissed.

### IV. Conclusion and Recommendation.

For the reasons set out above, I recommend that Plaintiff's claims against Defendant Saivictory be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m) for failure of timely service.

### V. Instruction for Service and Notice for Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

Written objections to this Report and Recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the

district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The party shall file the objections with the clerk of the court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149−52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428−29 (5th Cir. 1996) (en banc).

      **SIGNED** on June 3, 2020.

                                              _____
                                              Henry J. Bemporad
                                              United States Magistrate Judge